**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**GINA MCCARTY**                                                                                          **PLAINTIFF**

v.                                                          **4:11-CV-00022-BRW**

**SOCIAL SECURITY ADMINISTRATION**                                        **DEFENDANT**

**ORDER**

Gina McCarty ("Plaintiff") has appealed the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Disability Insurance benefits. For the reasons set out below, the Commissioner's decision is affirmed in part and remanded in part.

**I.     BACKGROUND**

Plaintiff is a 56-year-old single woman with a high school education.[1] She previously worked as a home health aid and grocery store clerk. She filed for Social Security Disability Insurance first in May, 1998; her request was denied in August, 1998.[2] She filed a second time in May, 2000, and again was denied in August, 2000.[3] According to the record, she also applied in May, 1999, and was denied in February, 2002, after a hearing.[4] Plaintiff went back to her former employment as a home health aid in 2002.[5] She left that job and eventually began working full-time at Dover Supermarket as a grocery clerk. She dropped down to part-time work in July, 2008, due

---

[1] Tr. 27. (All Tr. references can be found in Doc. No. 9.)

[2] Tr. 32-33.

[3] *Id.*

[4] Tr. 33.

[5] *Id.*

to severe foot pain, and difficulty grasping and holding grocery items.[6] She quit after a week of working part-time, due to the same ailments.[7]

Plaintiff filed her claim for disability insurance benefits on August 5, 2008. She complained of debilitating fibromyalgia, rheumatoid arthritis, and back pain. Her medical records indicate that she also was being treated for depression in connection with the recent death of her brother.[8] Her application was denied initially and upon reconsideration.[9] She requested a hearing before the Hon. Monica LaPolt, the Administrative Law Judge ("ALJ"), which took place on July 7, 2009. The ALJ issued an unfavorable decision on October 10, 2009, determining that Plaintiff was not disabled as defined by the Social Security Act ("SSA").[10] The ALJ found that Plaintiff's testimony was not credible because of the discrepancies between her testimony, her medical records, and the information provided on her application.[11]

Plaintiff filed her Complaint on January 11, 2011. In her brief, Plaintiff argues that there is no substantial evidence to support the ALJ's decision that Plaintiff is not disabled. She alleges that the ALJ erred in addressing the credibility of Plaintiff's subjective complaints, in finding that Plaintiff's depression and fibromyalgia were not severe, and in her assessment of Plaintiff's residual functional capacity.

---

[6] *Id.*

[7] Tr. 28.

[8] Tr. 281.

[9] Tr. 67-69, 75-76.

[10] Tr. 54-64.

[11] Tr. 62.

## II   DISCUSSION

### A.   How the Commissioner Determines Disability

A claimant's eligibility for benefits is governed by 42 U.S.C. § 1382. A claimant is considered disabled under the SSA if she is unable to engage in "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months."[12] The Commissioner follows the five-step process in making a disability determination.[13] The five steps are: (1) determine whether the claimant is currently engaged in substantial gainful activity;[14] (2) if the claimant proves that she is not engaged in gainful activity, the Commissioner determines whether the claimant suffers from a severe impairment, defined as an impairment that "significantly limits [her] physical or mental ability to do basic work activities";[15] (3) if the claimant suffers from a severe impairment, the next step is to determine if the impairment equals or exceeds one of those impairments included in the Listing of Impairments in Appendix 1 of the regulations[16] -- if so, the claimant is entitled to Social Security benefits; if not, the Commissioner continues to the last two steps; (4) determine the claimant's residual functional

---

[12] 42 U.S.C. § 423(d)(1)(A).

[13] 20 C.F.R. § 426.920(a).

[14] Substantial gainful activity is work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.972.

[15] 20 C.F.R. § 416.920(c). The impairment must have lasted, or must be expected to last, for a continuous 12-month period. 20 C.F.R. § 416.909.

[16] 20 C.F.R. § 416.920(d).

capacity and whether the claimant's impairment allows him to resume her previous work; and (5) if the claimant cannot resume his previous work, the Commissioner must consider whether the claimant is able to perform other work or is entitled to Social Security benefits.[17]

A claimant must establish disability through objective medical evidence.[18] "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques . . . ."[19] The credibility of the claimant is a significant factor that the Commissioner must consider along with medical evidence.[20]

**B.  Standard of Review**

The Court's review function of the Commissioner's disability determination is very limited. On review, the Court must determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits as a result of legal error.[21] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[22] In assessing the substance of the evidence, the Court must consider evidence that both supports and detracts from the Commissioner's decision; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence

---

[17] 20 C.F.R. § 416.920(g); 20 C.F.R. § 416.920(a)(4)(v).

[18] 42 U.S.C. § 423(d)(5)(A).

[19] *Id.*

[20] 20 C.F.R. § 416.929.

[21] *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g).

[22] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

would have supported an opposite decision.[23]

### C. Credibility of Subjective Complaints of Pain

Plaintiff first argues that there is no substantial evidence to support the ALJ's decision in determining the credibility of her subjective complaints of pain. The ALJ found that Plaintiff was not disabled because her subjective complaints of pain combined with the evidence found in her medical records did not rise to the level of a disability as defined in the SSA's disability guidelines. The ALJ noted the discrepancies between Plaintiff's testimony at her hearing and her description of her day-to-day activities on her disability application.[24] At the hearing, Plaintiff described being unable to do much of anything for herself, such as buttoning or zipping her clothing and cooking.[25] However, in her application Plaintiff stated that she was able to dress herself, cook for herself in a normal amount of time when she feels well, visit friends, go grocery shopping with some assistance, and go fishing a few times a year when her pain was not too bad.[26]

The ALJ is not free to accept or reject the Plaintiff's subjective complaints of pain based solely on her observations at the administrative hearing.[27] However, the ALJ can use discrepancies in the evidence as a whole in determining the validity of Plaintiff's subjective complaints.[28] It is clear that the ALJ did not reject Plaintiff's subjective complaints of pain based solely on her

---

[23] *Woolf v. Shalala*, F.3d 1210, 1213 (8th Cir. 1993).

[24] Tr. 62.

[25] Tr. 36-37.

[26] Tr. 167-168.

[27] *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[28] *Id.*

experiences with Plaintiff during the hearing. The ALJ took the information provided by Plaintiff at the hearing and compared it to Plaintiff's descriptions of her pain and day-to-day activities on her application form. The ALJ found inconsistencies in the information. Also, nothing in Plaintiff's medical records and physicians notes clarifies the inconsistencies or shows that Plaintiff experienced the levels of debilitating pain she described at the administrative hearing. Because the ALJ considered the evidence as a whole in determining the validity of Plaintiff's level of subjective pain, the ALJ did not err in deciding not to give more weight to Plaintiff's subjective complaints.

### D.  Severity of Fibromyalgia and Depression

Plaintiff's second complaint is that the ALJ erred in determining that her fibromyalgia and her depression were not severe. Plaintiff argues that the ALJ incorrectly considered her rheumatoid arthritis and fibromyalgia to be the same condition. There is no evidence that the ALJ combined these two conditions into one. It appears to me that the ALJ stated that both Plaintiff's rheumatoid arthritis and her fibromyalgia are severe, but that neither condition prevented Plaintiff from engaging in some type of gainful employment.[29]

Plaintiff also argues that the ALJ erred in failing to consider her depression as a severe disability. Plaintiff offers her medical records and notes from her counseling sessions as evidence of the severity of her depression. While the counselor's notes show evidence of depression, the notes describe the depression as stages of grief after the recent suicide of Plaintiff's brother.[30] Also, Plaintiff did not complain of depression on her disability application, nor did she describe her

---

[29] Tr. 59-60.

[30] Tr. 281.

depression as being a significant impairment during her hearing with the ALJ.[31] Instead, Plaintiff described the medications she was on, and how they seemed to be working well to treat her depression.[32]

The Court finds that the ALJ did not err in finding that Plaintiff's fibromylagia was severe, and correctly determined that Plaintiff's depression was not severe.

### E.    Residual Functioning Capacity Assessment

Plaintiff's final argument is that the ALJ erred in determining her residual functioning capacity ("RFC"). The ALJ determines a claimant's RFC based on all relevant evidence, including: medical records; observations of treating physicians and others; and the claimant's description of her limitations.[33] After reviewing all of the evidence, the ALJ determined that Plaintiff had an RFC for a limited range of sedentary work, which includes performing essential and postural demands of sedentary work. Plaintiff, however, is limited to frequent reaching, handling, grasping, and fingering; occasional pushing or pulling with the upper and lower extremities; occasional balancing, stooping, crouching, kneeling, crawling, and climbing of ramps and stairs.[34] The ALJ also determined that Plaintiff must avoid ladders, ropes, and scaffolds, and not lift more than 10 pounds.[35] However, Plaintiff claims that the ALJ's RFC determination is not supported by the evidence as a whole. Specifically, Plaintiff points out that the ALJ determined she could still work as a grocery

---

[31] Tr. 25-47, 159.

[32] Tr. 29.

[33] *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

[34] Tr. 60.

[35] *Id.*

store clerk, which was a job she quit because she experienced too much pain. Plaintiff asserts that her testimony regarding this pain is supported by the medical records. Plaintiff also points out that the ALJ determined that she could lift up to 10 pounds when her doctor specifically marked that she could lift less than 10 pounds.[36] After reviewing the evidence, the Court finds that the ALJ's determination that Plaintiff has a RFC for a limited range of sedentary work is supported by substantial evidence found in the record. The ALJ determined that Plaintiff's testimony was not altogether credible, and that her medical records did not provide evidence that her conditions rose to a level of disability as defined by the SSA. The Court does not find any substantial evidence or errors in law that would undermine the ALJ's RFC determination.

However, the Court does find the ALJ erred in determining the Plaintiff's lifting capacity. The ALJ is required to give a great deal of weight to a claimant's treating physician when determining the limits of the claimant's RFC.[37] In this case, Plaintiff's general practitioner marked that Plaintiff could lift less than 10 pounds on the Social Security Disability Medical Source Statement - Physical form ("Physical").[38] The ALJ addressed this limitation and stated that she did not see a reason for such a limitation supported by the medical records. Plaintiff's general practitioner's professional opinion should be given more weight than the ALJ's assessment in this matter. Likewise, nothing in the medical records provides substantial evidence that the treating doctor's opinion is faulty or capricious.

The Physical form lists several categories of lifting limitations. "Under 10 pounds" and "ten

---

[36] Tr. 245.

[37] 20 C.F.R. 416.927(d)(2).

[38] Tr. 245.

pounds" are two different categories, suggesting that there is an important difference between the two. There is no category lower than the "less than ten pounds" category. If a doctor believed his patient should not be lifting anything at all he would have to check the "less than ten pound" category. Furthermore, this distinction could have an effect on the types of employment available in Plaintiff's community, which could then affect Plaintiff's disability status. For this reason, it is important to determine whether Plaintiff can lift up to 10 pounds, as the ALJ suggests, or if she should lift less than 10 pounds, as her doctor claims.

## **CONCLUSION**

This case is remanded for further consideration as set out above. This is a sentence for remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 1st day of March, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE