IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GINA MCCARTY                                                           PLAINTIFF

V.                              4:11-CV-00022-BRW

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending is Movant Laura McKinnon's[1] Motion for EAJA Attorney Fees and Costs (Doc. No. 15). Defendant has responded.[2] For the following reasons, the Motion is GRANTED in part and DENIED in part.

On January 11, 2011, Plaintiff filed a Complaint challenging the Administrative Law Judge's ("ALJ") decision to deny her Social Security benefits.[3] On March 1, 2012, I entered an Order affirming in part and remanding in part the ALJ's decision pursuant to a sentence four remand under 42 U.S.C. § 405(g).[4]

On May 30, 2012, Ms. McKinnon filed the instant Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA").[5] In her request, she seeks payment for a total of 44.55 hours, or $7,573.50.[6] Defendant objects to Ms. McKinnon's request as excessive because she is

---

[1] Ms. McKinnon is Plaintiff's lawyer.

[2] Doc. No. 17.

[3] Doc. No. 2.

[4] Doc. No. 13.

[5] Doc. No. 15.

[6] *Id*. In her Brief (Doc. No. 16) she says "Plaintiff has incurred the hours of legal and paralegal services and costs that are itemized in Plaintiff's attached exhibit;" however, I take note that every entry is billed at Ms. McKinnon's rate of $175.00 per hour.

1

billing for work that is clerical in nature.[7]  Defendant contends that $6,536.50 "adequately compensates Plaintiff for reasonable attorney's fees incurred in the instant litigation and remains well above the amounts that this Court typically approves."[8]  I find both amounts to be excessive.

"Under the Equal Access to Justice Act, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was 'substantially unreasonable' or special circumstances make an award unjust."[9]  In determining a reasonable fee, the Court has a duty to make an independent evaluation of the attorney's request and should exclude any hours "that were not 'reasonably expended.'"[10]

**I.      Clerical Activities**

"Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees."[11]  In *Granville House, Inc. v. Dept. of Health, Education, & Welfare*, the Eighth Circuit held that a movant was "not entitled to compensation for the fifteen hours of work which could have been done by support staff."[12]  The Eighth Circuit has recognized the serving of summons by certified mail, receiving and calendaring a briefing

---

[7] Doc. No. 17.

[8] *Id.*

[9] *Theis v. Astrue*, 828 F. Supp. 2d 1006 (E.D. Ark. 2011).

[10] *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (citations omitted).

[11] *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)).

[12] 813 F.2d 881, 884 (8th Cir. 1987).

schedule, and filing a brief, among other things, are clerical in nature and not compensable under the EAJA.[13]

I find the following entries, which total 3.4 hours to be clerical in nature.

| Date | Description | Hours |
|---|---|---|
| **12/22/2010** | Correction of client's IFP which completed incorrectly; revision; instructions to staff with client contact; database notes. | **0.10** |
| **01/12/2011** | Working Emails - ECF - IFP rec'd, ECF, Complaint, ECF, Order Granting IFP, ECFsummons issued; updated file docket number, complaint filed date, deadline and checklist for service of process, marked deadline done, memo to file. | **0.50** |
| **01/28/2011** | Updating computer data files | **0.25** |
| **01/31/2011** | Correspondence, summons to clerk to issue and return to MLF with consent to magistrate jurisdiction | **0.15** |
| **02/11/2011** | Working Emails, updated computer data files | **0.30** |
| **04/27/2011** | Mail review, update of computer data | **0.25** |
| **05/01/2011** | Working Emails, ECF Notice of Appearance, ECF Answer to Complaint, ECF Notice re Conventional Filing, ECF Scheduling Order, reviewed and updated file | **0.75** |
| **08/05/2011** | Detailed file review; status letters; new staff instructions. | **0.25** |
| **10/02/2011** | Order of reassigning judge reviewed. | **0.10** |
| **10/02/2011** | Review of emails from CM/ECF system | **0.25** |
| **02/01/2012** | Review of file and case note updates | **0.50** |

Therefore, Ms. McKinnon's hours are reduced by 3.4 hours.

---

[13]*Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004); see also *Willhite v. Astrue*, Civil No. 2:10-cv-2169, 2012 WL 1567217 (W.D. Ark. May 2, 2012) (finding as clerical in nature the ECF filing of Plaintiff's consent to proceed before a Magistrate and the ECF filing of EAJA documentation); *Ashworth v. Astrue*, Civil No. 10-2147, 2012 WL 1365171, at *3 (W.D. Ark. Apr. 19, 2012) (finding that "filing documents on the ECF system and preparing form letters are clerical tasks"); *Gregory v. Astrue*, Civil No. 10-2070, 2011 WL 3876174, at *2 (W.D. Ark. Aug. 31, 2011) (finding as non-compensable under the EAJA time spent reviewing mail, confirming case date, checklist regarding service of process, reviewing the file, and receiving emails that a transcript was found).

3

## II.   Client Communication

Based on her Billing Sheet, Ms. McKinnon spent 6.5 hours communicating with her client.

| | | |
|---|---|---|
| **11/20/2010** | Correspondence to client regarding federal appeal | **0.30** |
| **11/21/2010** | Phone conference with client explaining Appeals Council and federal options; notations to database and staff notes. Intra-office e-mails with instructions | **0.25** |
| **11/23/2010** | Client calls re status updates | **0.25** |
| **12/20/2010** | Status letter to client | **0.25** |
| **12/29/2010** | Client in office revising IFP and answering appeal questions | **0.25** |
| **01/15/2011** | Client calls re status of case | **0.25** |
| **02/11/2011** | Client drop-in to office regarding status and questions | **0.25** |
| **03/23/2011** | Correspondence to client | **0.10** |
| **03/25/2011** | Client phone call regarding her copy of federal complaint and status letter, explanation of service of process and expected chronology; notes | **0.50** |
| **04/12/2011** | Correspondence to client regarding status of case | **0.50** |
| **05/18/2011** | Client calls re status of case | **0.50** |
| **06/28/2011** | Correspondence to client regarding status of case | **0.50** |
| **08/06/2011** | Client call requesting update | **0.25** |
| **08/10/2011** | Office conference with client | **1.10** |
| **09/02/2011** | Client call requesting date of when we filed FED and approximate wait time | **0.25** |
| **11/25/2011** | Status letter to client | **0.25** |
| **02/28/2012** | Client call to get address of FED and date of appeal | **0.25** |
| **05/25/2012** | Correspondence to client regarding Federal Decision | **0.50** |

4

I also find this amount excessive. Plaintiff's brief was filed in this case on June 28, 2011.[14] Before that time, Ms. McKinnon spent almost four hours communicating with Plaintiff. This seems excessive when Ms. McKinnon had the entire record before her and her primary job was to draft the brief.[15] Furthermore, after the brief was filed, Ms. McKinnon spent 2.6 hours talking to Plaintiff. Because there is no explanation for the amount or length of these conversations, the 6.5 hours spent communicating with Plaintiff is reduced to 4.0 hours.

### III. Preparation of EAJA Statement

Ms. McKinnon seeks 3.25 hours for "EAJA Motion, EAJA Brief, EAJA ITE."[16] This amount is excessive because this is a standard fee petition and brief that has been submitted by Plaintiff's counsel in another social security case filed in this district.[17] I find that 2.25 hours should be deducted, for a total of 1.0 hour.

### IV. Preparation of the Brief

---

[14] Doc. No. 10.

[15] *Theis*, 828 F. Supp. 2d 1006 (E.D. Ark. 2011) (discussing that 30-minute telephone calls with a client seemed excessive "where the primary work consisted of reviewing a record and writing briefs, and where the representation began with a client consultation of 1.5 hours followed by two subsequent client consultations of .75 hours each.").

[16] Doc. No. 15, Ex. 1.

[17] See *Shelia K. Nicholson v. Social Security Administration*, 4:05-cv-00517-JMM, Doc. No. 12 (E.D. Ark. Nov. 14, 2006); see also *Humphries ex. rel. E.H. v. Astrue*, No. 10-5115, 2012 WL 1885739, at *3 (W.D. Ark. March 23, 2012) (reducing from 3.2 hours to 1.0 hours attorney's billing sheet on preparing EAJA Motion because "the time claimed for preparing what appear[ed] to be the standard fee petition and brief submitted by Plaintiff's counsel [was] excessive.").

Ms. McKinnon seeks compensation for 26.75 hours for preparing and writing the appeal brief.[18]

| Date | Description | Hours |
|---|---|---|
| **01/08/2011** | Review of file, work history and medical records; memo to file . . . | **1.50** |
| **01/09/2011** | Re-read ALJ LaPolt unfavorable decision and memorandum; highlighted errors; drafted complaint and approved and signed summons and civil cover sheet; best appeal arguments; instructions to staff. | **2.00** |
| **04/29/2011** | Transcript of record, initial processing; instructions to staff; download to laptop for home reference and initiating of brief; review of transcript; first review memo. | **1.25** |
| **05/16/2011** | Review of File for Appeal Brief. Medical evidence emphasis; memo to file regarding Medical and dual arguments | **0.75** |
| **05/20/2011** | Second review of medical evidence; discussion with staff; revision | **0.50** |
| **06/03/2011** | Brief Writing, Procedural History, Hearing Testimony, Medical Evidence | **5.50** |
| **06/09/2011** | Brief Writing, issues and arguments | **6.25** |
| **06/10/2011** | Brief Writing, unfavorable decision, issues, argument. | **7.25** |
| **06/28/2011** | Re-Reading and Editing Appeal brief, Filed Brief, ECF | **1.75** |

In *Kramer v. Apfel*, the court found that based on its experience "the usual time claimed in cases involving issues that are not particularly complex or novel [] is fifteen (15) to twenty

---

[18] See *Roberson v. Astrue*, Civil No. 11-2020, 2012 WL 1680133, at *5, (W.D. Ark. Apr. 23, 2012) (the court concluded it should not have taken an experienced attorney 14.90 hours to prepare a social security brief and reduced her request to 14.00 hours); *Thomas v. Astrue*, No. 10-1255-CV-W-FJG, 2012 WL 1564291 (W.D. Mo. Apr. 25, 2012) (finding that attorney who sought compensation for 24 hours of time for researching and writing plaintiff's brief in a routine social security case was excessive given that the brief was only 21 pages and contained boilerplate law).

(20) hours."[19] In her brief, Ms. McKinnon does not contend that Plaintiff's case involved complex issues. I find that it should not have taken an attorney of Ms. McKinnon's experience 26.75 hours to prepare a fairly routine 22-page brief. Therefore, the time for the brief is reduced to 13.375.[20]

Based on the Billing Sheet submitted by Ms. McKinnon and the hours I have deducted, Ms. McKinnon is entitled to 22.25 hours for a total of $3,782.50. This is above the amount of time suggested in *Kramer*, and represents a fair amount of compensation to Ms. McKinnon.

Under *Astrue v. Ratliff*,[21] any EAJA fees should be awarded to the "prevailing party" or the litigant. Therefore, Defendant states that in order to be compliance with *Ratliff*, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Ms. McKinnon of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Ms. McKinnon.

## CONCLUSION

For the reasons set out above, Ms. McKinnon is entitled to attorney's fees in the amount of $3,782.50 -- this represents 22.25 hours at the rate of $170.00 per hour. The EAJA fee award is payable to Plaintiff and mailed to Plaintiff's counsel, but subject to any offset to satisfy any pre-existing debt owed to the United States.[22]

---

[19] 57 F. Supp. 2d 774, 775 (S.D. Iowa, 1999).

[20] This includes the 4.0 hours for client communication, the 13.375 hours for the brief, the 1.0 hour for preparation of the EAJA statement, and the remaining times on the Billing Sheet which I have not accounted for in this Order.

[21] 130 S. Ct. 2521, 2528 (2010).

[22] *Id.*

IT IS SO ORDERED this 2nd day of July, 2012.

                                        /s /Billy Roy Wilson
                              UNITED STATES DISTRICT JUDGE